Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Alyssa Michelle Schulz**
**Ryan Frank Schulz**

Case No. **23-50278**
CHAPTER 13 PLAN ☑ Modified
Dated: **December 17, 2024**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☑ Included | ☐ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

2.1 As of the date of this plan, the debtor has paid the trustee $ **6,940.00** .

2.2 After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $750.00 | 01/2025 (42 months) | 06/2028 | $31,500.00 |
| | | TOTAL: | $31,500.00 |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **NONE** .
2.5 The debtor will pay the trustee a total of $ **38,440.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **3,844.00** [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of Property |
|---|---|---|
| 4.1 | LeMieux Properties, LLC | Month to Month Residential Lease |
| 4.2 | Storage Rentals of America | Storage Unit |
| 4.3 | T-Mobile | Cell Phone Contract |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| 5.1 | Matco Tools | Tools of Trade, Specialty Tools |
| 5.2 | Snap-on Credit | Tools of Trade, Specialty Tools |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |
| | | | | | | TOTAL | $0.00 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 7.1 | Lemieux Properties | $2,360.00 | 0.00% | 01/2025 | $81.94 | 12 | $983.24 | $1,376.76 | $2,360.00 |
| | | | | | | | | TOTAL | $2,360.00 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay,the amount set forth in the "Total Payments" column belowon the followingsecured claims if a proof of claim is filed andallowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8.1 | OneMain Financial | $12,588.00 | $500.00 | 8.50 | ☐ | n/a | n/a | n/a | $0.00 | $615.48 | $615.48 |
| | | | | | | | | | TOTAL | | $615.48 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

| | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | Capital One Auto Finance | $10,078.48 | 9.50 | ☑ | 01/2025 | $1252.12 | 42 | $10,589.20 | $2,110.80 | $12,700.00 |
| | | | | | | | | TOTAL | | $12,700.00 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +*amount paid to date by Trustee (mod plan only)* | =Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | **Attorney Fees (Post)** | $800.00 | 07/2025 | $266.67 | 3 | $800.00 | $0.00 | $800.00 |
| 10.2 | **Attorney Fees** | $3,085.56 | 01/2025 | $330.00 | 6 | $1,980.26 | $1,105.30 | $3,085.56 |
| 10.3 | **Internal Revenue Service** | $12,483.36 | 01/2025 | Pro Rata | Pro Rata | $11,503.60 | $979.76 | $12,483.36 |
| 10.4 | **MN Dept of Revenue** | $1,534.55 | 01/2025 | Pro Rata | Pro Rata | $1,413.51 | $121.04 | $1,534.55 |
|  |  |  |  |  |  |  | TOTAL | **$17,903.47** |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + *amount paid to date by Trustee (mod plan only)* | =Total payments |
|---|---|---|---|---|---|---|---|
| **-NONE-** |  |  |  |  |  |  |  |
|  |  |  |  |  |  | TOTAL | **$0.00** |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + *amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **-NONE-** |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL | **$0.00** |

**Part 13. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **1,017.05**   [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **12,088.00** .

13.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **48,004.00** .

13.3    Total estimated unsecured claims are $ **60,092.00**   [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property (including complete legal description of real property) |
|---|---|
| **-NONE-** |  |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any

request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| **16.1** | **A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtors for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**<br><br>**The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $11,184 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, and 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtors receiving a discharge in this case.**<br><br>**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan may, upon confirmation of the plan, send debtor monthly statements and are authorized to speak to debtor about post-petition payments.** |

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **3,844.00** |
| Home mortgages in default [Part 6] | $ | **0.00** |
| Claims in Default [Part 7] | $ | **2,360.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **615.48** |
| Secured claims excluded from § 506 [Part 9] | $ | **12,700.00** |
| Priority Claims [Part 10] | $ | **17,903.47** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **1,017.05** |
| TOTAL (must equal line 2.5) | $ | **38,440.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ Amanda M. Rosback**
        **Amanda M. Rosback 0399772**
        Attorney for debtor

Signed: **/s/ Alyssa Michelle Schulz**
        **Alyssa Michelle Schulz**
        Debtor 1

Signed: **/s/ Ryan Frank Schulz**
        **Ryan Frank Schulz**
        Debtor 2 (if joint case)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                 Case No. 23-50278

    Alyssa Michelle Schulz             Chapter 13

    Ryan Frank Schulz

    Debtor(s)

## DECLARATION OF MAILING CERTIFICATE OF SERVICE

On 12/17/2024, I did cause a copy of the following document(s), described below:

Modified Ch 13 Plan, Notice of Confirmation Hearing, and Amended Schedules

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of Stretto, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein. Said mailing matrix was downloaded from the District of Minnesota Bankruptcy Court's official court matrix on 12/17/2024.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 12/17/2024

                                                                           /s/ Amanda M. Rosback  
                                                                           Amanda M. Rosback  
                                                                           Bar No. 0399772  
                                                                           LifeBack Law Firm, PA  
                                                                            13 7th Avenue South  
                                                                            Saint Cloud MN 56301-0000  
                                                                            320-252-0330  
                                                                            amanda@lifebacklaw.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

    Alyssa Michelle Schulz

    Ryan Frank Schulz

    Debtor(s)

Case No. 23-50278

Chapter 13

### CERTIFICATE OF SERVICE DECLARATION OF MAILING

On 12/17/2024, I did cause a copy of the following document(s), described below:

Modified Ch 13 Plan, Notice of Confirmation Hearing, and Amended Schedules

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 12/17/2024

Melissa Membrino
c/o Stretto
410 Exchange Ste 100
Irvine, CA 92602
(949) 222-1212
declaration@stretto.com

I certify that on 12/17/2024, I caused a copy of the Modified Ch 13 Plan, Notice of Confirmation Hearing and and Amended Schedules to be served by First Class United States Mail service, with adequate postage to ensure delivery to:

EXHIBIT

| | | | | |
|---|---|---|---|---|
| LVNV Funding LLC | | c/o Resurgent Capital Services | PO Box 10587 | Greenville SC 29603-0587 |
| Minnesota Department of Revenue | | Bankruptcy Section | PO Box 64447 | St Paul MN 55164-0447 |
| United States Attorney | | 600 US Courthouse | 300 S 4th St | Minneapolis MN 55415-3070 |
| Best Egg | | 1523 Concord Pike | Suite 201 | Wilmington DE 19803-3656 |
| Brainerd Eye Care | | 506 Laurel Street | | Brainerd MN 56401-3526 |
| Brandon S. Lefkowitz | | 29777 Telegraph Road, Suite 2440 | | Southfield MI 48034-7667 |
| Broadway Chiropractic Center | | 111 East Broadway | | Little Falls MN 56345-3038 |
| CC Bank | | PO Box 36454 | | Cincinnati OH 45236-0454 |
| CHI St Gabriel's Health | | 2653 Solution Center | | Chicago IL 60677-2006 |
| CAINE & WEINER COMPANY | | 12005 FORD ROAD 300 | | DALLAS TX 75234-7262 |
| Capital One | | Attn: Bankruptcy | Po Box 30285 | Salt Lake City UT 84130-0285 |
| Capital One Auto Finance | | Attn: Bankruptcy | 7933 Preston Rd | Plano TX 75024-2302 |
| Capital One Auto Finance, a division of | | AIS Portfolio Services, LLC | 4515 N Santa Fe Ave. Dept. APS | Oklahoma City OK 73118-7901 |
| Capital One Auto Finance, a division of Capi | | P.O. Box 4360 | | Houston TX 77210-4360 |
| Capital One N.A. | | by American InfoSource as agent | PO Box 71083 | Charlotte NC 28272-1083 |
| CENTERPOINT ENERGY | | PO BOX 1700 | | HOUSTON TX 77251-1700 |
| Centracare | | 1406 6th Ave N | | Saint Cloud MN 56303-1901 |
| Check 'n Go | | Attn: Bankruptcy | Po Box 14283 | Cincinnati OH 45250-0283 |
| City of Pierz | | PO BOX 367 | | Pierz MN 56364-0367 |
| Collection Bureau Of Little Falls | | Po Box 246 | | Little Falls MN 56345-0246 |
| Credit Acceptance | | Attn: Bankruptcy | 25505 West 12 Mile Road Ste 3000 | Southfield MI 48034-8331 |
| CREDITNINJA | | 27 N WACKER DRIVE | SUITE 404 | CHICAGO IL 60606-2800 |
| Cybrcollect, Inc | | Po Box 1145 | | La Crosse WI 54602-1145 |
| DM Motors | | 2621 Divison Street | | Saint Cloud MN 56301-3836 |
| Essentia Care | | 1406 6th Ave N | | Saint Cloud MN 56303-1900 |
| Essentia Health | | PO Box 1123 | | Minneapolis MN 55440-1123 |
| Exeter Finance LLC | | AIS Portfolio Services, LLC | 4515 N Santa Fe Ave. Dept. APS | Oklahoma City OK 73118-7901 |
| Exeter Finance LLC | | Attn: Bankruptcy | Po Box 166008 | Irving TX 75016-6008 |
| First Electronic Bank | | c/o Opportunity Financial, LLC | 130 E. Randolph Street, Suite 3400 | Chicago IL 60601-6379 |
| IC Systems, Inc | | Attn: Bankruptcy | Po Box 64378 | St. Paul MN 55164-0378 |
| IC Systems, Inc | | Po Box 64378 | | Saint Paul MN 55164-0378 |
| Internal Revenue Service | | Centralized Insolvency | PO Box 7346 | Philadelphia PA 19101-7346 |
| Joshua Sumner | | SSA, OGC - Office of Program Lit - Bankr | 6401 Security Boulevard | Baltimore MD 21235-0001 |
| Kohls/Capital One | | Attn: Credit Administrator | Po Box 3043 | Milwaukee WI 53201-3043 |

| Name | | | Address 1 | Address 2 | City/State/Zip |
|---|---|---|---|---|---|
| LVNV Funding LLC | | | Resurgent Capital Services | PO Box 10587 | Greenville SC 29603-0587 |
| LeMieux Properties, LLC | | | 13570 Grove Drive, #357 | | Maple Grove MN 55311-4400 |
| LeMieux Properties, LLC | | | 4100 Parklawn Ave S #215 | | Minneapolis MN 55435-4695 |
| M Health Fairview | | | PO BOX 199 | | Minneapolis MN 55440-0199 |
| MN Dept of Revenue | | | Attn: Denise Jones | PO Box 64447 | Saint Paul MN 55164-0447 |
| Matco Tools | | | Attn: Bankruptcy | 4403 Allen Rd | Stow OH 44224-1096 |
| Medicare Premium Coll. Center | | | PO BOX 790355 | | Saint Louis MO 63179-0355 |
| Midland Credit Management, Inc. | | | PO Box 2037 | | Warren MI 48090-2037 |
| Midland Funding, LLC | | | Attn: Bankruptcy | Po Box 939069 | San Diego CA 92193-9069 |
| Midwest Out | | | 23645 Clubhouse Dr | | Rapid City SD 57702-7360 |
| Minnesota Power | | | PO Box 77065 | | Minneapolis MN 55480-7765 |
| Minnesota Revenue | | | PO Box 64447-BKY | | St Paul MN 55164-0447 |
| Northland Smiles Little Falls | | | PO Box 366 | | Little Falls MN 56345-0366 |
| Nothern Pines Mental Health | | | PO Box 367 | | Little Falls MN 56345-0367 |
| Nystrom & Asscoiates | | | 1900 Silver Lake Road NW Suite | | New Brighton MN 55112-1786 |
| OneMain Financial | | | Attn: Bankruptcy | Po Box 3251 | Evansville IN 47731-3251 |
| Opploans/feb | | | Attn: Bankruptcy Dept | 130 East Randolph Street Suite 3400 | Chicago IL 60601-6379 |
| Payday America Inc | | | 8650 Lyndale Ave S | | Bloomington MN 55420-2736 |
| Pine Country Bank | | | PO Box 528 | | Little Falls MN 56345-0528 |
| Pinnacle Credit Services, LLC | | | Resurgent Capital Services | PO Box 10587 | Greenville SC 29603-0587 |
| Quantum3 Group LLC as agent for | | | Catholic Health Initiatives | PO Box 788 | Kirkland WA 98083-0788 |
| RMP Services LLC | | | PO Box 630844 | | Cincinnati OH 45263-0844 |
| Range Credit Bureau | | | PO Box 706 | | Hibbing MN 55746-0706 |
| Resurgent Capital Services as servicing agen | | | Resurgent Capital Services | PO Box 10587 | Greenville SC 29603-0587 |
| S&P Loan Co | | | 600 N Park Ave | | Park Rapids MN 56470-1160 |
| Scolopax, LLC | | | c/o Weinstein & Riley, PS | 2001 Western Avenue, Suite 400 | Seattle WA 98121-3132 |
| Sellnow Law Office PA | | | 229 Central Ave | | Long Prairie MN 56347-1337 |
| SNAP ON CREDIT | | | 950 TECHNOLOGY WAY | SUITE 301 | LIBERTYVILLE IL 60048-5339 |
| Social Security Administration | | | SSA, OGC - Office of Program Lit - Bankr | 6401 Security Boulevard | Baltimore MD 21235-0001 |
| Social Security Office | | | 3800 Veterans Drive Suite 100 | | Saint Cloud MN 56303-3070 |
| St. Cloud Orthopedic Assoc,LTD | | | 1555 Northway Drive | | Saint Cloud MN 56303-1258 |
| STATE COLLECTION SERVICE INC | | | 2509 S STOUGHTON RD | | MADISON WI 53716-3314 |
| T Mobile/T-Mobile USA Inc | | | by American InfoSource as agent | PO Box 248848 | Oklahoma City OK 73124-8848 |
| T MOBILE | | | C O AMERICAN INFOSOURCE LP | 4515 N SANTA FE AVE | OKLAHOMA CITY OK 73118-7901 |
| The Huntington National Bank | | | PO Box 89424 | | Cleveland OH 44101-6424 |
| Verizon | | | by American InfoSource as agent | PO Box 4457 | Houston TX 77210-4457 |
| Verizon Wireless | | | Attn: Bankruptcy | 500 Technology Dr, Ste 599 | Weldon Springs MO 63304-2225 |
| Alyssa Michelle Schulz | | | 600 Lindberg Drive North West Trailer C4 | | Little Falls MN 56345-1263 |
| Amanda M. Rosback | | | LifeBack Law Firm, PA | 13 -7th Avenue South | Saint Cloud MN 56301-4259 |
| Kyle Carlson | | | Chapter 13 Trustee | PO Box 519 | Barnesville MN 56514-0519 |

| Ryan Frank Schulz | | | 600 Lindberg Drive North West Trailer C4 | | Little Falls MN 56345-1263 |